# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DEVERICK SCOTT**  
**ADC #131042**                                                                                               **PLAINTIFF**

v.                              No: 4:22-cv-00243 KGB-PSH

**GIBSON,** *et al.*                                                                                          **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Deverick Scott filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 2) and an *in forma pauperis* application ((Doc. No. 1-1) on March 14, 2022, while incarcerated at the Arkansas Division of Correction's Varner Unit. He has since been moved to the East Arkansas Regional Unit (EARU). *See* Doc. No. 4.

Scott is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). *See Scott v. Hobbs,* 2:12-cv-00245-SWW (E.D. Ark. Apr. 17, 2013); *Scott v. Gibson ,* 5:18-cv-00150-JM (E.D. Ark. Sept. 25, 2018); and *Scott v. Payne,* 4:20-cv-00315-SWW (E.D. Ark. May 14, 2020). The three-strikes provision requires the court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

In his complaint, Scott makes multiple unrelated allegations. He sues Warden Gibson, Assistant Warden Carroll, and numerous officers and employees at the Varner Unit. *See* Doc. No. 2 at 1-2, 17-18. He claims that the defendants are retaliating against him for filing grievances and a § 1983 complaint by:  making

unconstitutional policies and customs; refusing to send his mail; poisoning him; putting him in a cell with an extra lock on his trap; denying him time in the law library; taking away his blanket and placing him on other weekend restrictions, including no running water or hygiene supplies; denying him yard call; planting drugs in his cell; telling inmates he snitched on them; and issuing false disciplinaries. *Id.* at 4, 6-16. Few of Scott's allegations indicate he faces any imminent danger of serious physical harm. His allegation that unspecified defendants have tried to poison him is wholly speculative and unsupported by any specific facts. Scott's allegation that an extra lock on his trap will trap him in his cell in the event of a fire is also unsupported and speculative. There is no reason an extra lock on his trap would prevent guards from opening his cell door as they normally would. Scott also provides no specific facts regarding his allegation that he has been labeled a snitch and is in danger from other inmates. In sum, Scott has not described any plausible claim that he faces a threat of imminent serious physical injury.

Furthermore, he has since been transferred to the EARU and is no longer subject to the conditions he describes at the Varner Unit. Accordingly, he fails to meet the imminent danger exception to the three-strikes rule and may not proceed with this case unless he pays the $402 filing and administrative fees in full.[1]

---

[1] Should Scott choose to pay the filing and administrative fees in full to proceed with this case, he would be required to file an amended complaint to narrow and

IT IS THEREFORE RECOMMENDED THAT:

1. Scott's motion for leave to proceed *in forma pauperis* (Doc. No. 1-1) be DENIED, and this case be DISMISSED WITHOUT PREJUDICE.

2. Scott be given thirty days to reopen the case by paying the $402 filing and administrative fees in full and filing a Motion to Reopen.

DATED this 20th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

sufficiently describe his claims. His claims may still be recommended for dismissal for failing to state a claim upon which relief may be granted.